UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BROWN WILLIAMS,

    Plaintiff,

                                  CASE NO. 12-11234

v.

                                  PAUL D. BORMAN

DEBORAH H. McKELVY,                 UNITED STATES DISTRICT JUDGE

    Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Pending before the Court is plaintiff Ronnie Brown Williams' *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at Pugsley Correctional Facility in Kingsley, Michigan, and defendant Deborah H. McKelvy is an attorney in Birmingham, Michigan. The complaint and exhibits indicate that Ms. McKelvy was appointed to represent Plaintiff in state court on felony drug charges. Plaintiff appears to allege that Ms. McKelvy committed legal malpractice by stipulating to the state court's jurisdiction, by insisting that Plaintiff plead guilty even though he wanted to go to trial, and by failing to object to known perjury and to the state court's violation of a fourteen-day rule. Plaintiff wants the Court to punish Ms. McKelvy.

## II. Standard of Review

The Court has allowed Plaintiff to proceed without prepayment of the fees and costs for this action. The Court must dismiss an indigent prisoner's civil complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). "In a § 1983 action, the plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under color of state law." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

An exhibit to the complaint indicates that Plaintiff raised the same or similar claims in Oakland County Circuit Court in 2009. Oakland County Circuit Judge Wendy Potts dismissed Plaintiff's case because his claim was barred by the two-year statute of limitations for legal malpractice claims. Plaintiff's complaint is barred from review by the *Rooker-Feldman* doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

Furthermore, defense attorneys, whether retained or appointed by the court, do not act under color of law for purposes of § 1983 when performing the traditional functions of counsel to a defendant in a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained attorneys). In addition, a claim of legal malpractice is a "matter[] of state law over which federal courts have no jurisdiction in the absence of diversity of citizenship." *Wallace v. Depalma*, 758 F.2d 654, No. 84-3225, 1985 WL 12956, at *1 (6th Cir. Feb. 19, 1985) (unpublished) (citing *Fine v. New York*, 529 F.2d 70, 74 (2d Cir. 1975)).

Finally, to the extent Plaintiff is challenging his criminal conviction and incarceration, he has no right to money damages unless the order or judgment holding him in custody has been invalidated by state officials or impugned by a federal court on habeas corpus review. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that either his conviction or sentence was invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action could demonstrate the invalidity of his conviction and imprisonment. For this additional reason, Plaintiff's claims are not cognizable in this civil rights action.

### III. Conclusion

Plaintiff's allegations are frivolous and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114

F.3d 601, 610-11 (6th Cir. 1997).

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 4-9-12