UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE WILLIAMS,

        Plaintiff,

                                        CASE NO. 2:12-cv-11234

v.

                                        PAUL D. BORMAN
DEBORAH H. McKELVY,            UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On March 20, 2012, plaintiff Ronnie Williams filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleged that defendant Deborah H. McKelvy committed legal malpractice when she represented him in state court on felony drug charges. On April 9, 2012, the Court summarily dismissed the complaint because (1) it was barred by the *Rooker-Feldman* doctrine, (2) Defendant was not a state actor, (3) the legal malpractice claim was a matter of state law over which the Court had no jurisdiction, and (4) to the extent Plaintiff was challenging his criminal conviction, his claim was not cognizable in a § 1983 action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Pending before the Court is Plaintiff's "Dismissal Order Re-Hearing." The Court understands Plaintiff to be moving for reconsideration of his complaint. This District's Local Rules prohibit the Court from granting

motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich. 2001) (quoting *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)).

Plaintiff appears to be challenging the Court's conclusions that Defendant is not a state actor and that Plaintiff's legal malpractice claim is not a cognizable claim in federal court. His confusing arguments and legal citations have not persuaded the Court that it was misled by an obvious and unmistakable defect when it summarily dismissed the complaint as frivolous and for failure to state a claim. Accordingly, the motion for reconsideration [dkt. #7] is **DENIED**.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 5-14-12